NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORY GARMONG, | No. 17-15715 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00718-APG-VCF |
| v. | |
| NEVADA SUPREME COURT; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted December 18, 2017[**]

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Gregory Garmong appeals from the district court's judgment dismissing his

42 U.S.C. § 1983 action alleging federal and state law claims arising from state

court proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo a dismissal under the *Rooker-Feldman* doctrine.  *Noel v. Hall*, 341 F.3d 1148,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Garmong's request for oral argument, set forth in the reply brief, is denied.

1154 (9th Cir. 2003).  We affirm.

The district court properly dismissed Garmong's action as barred by the *Rooker-Feldman* doctrine because Garmong's action is a "de facto appeal" of prior state court judgments, and raises claims that are "inextricably intertwined" with those judgments.  *See Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012) (*Rooker-Feldman* doctrine barred claim that was "inextricably intertwined" with the state court's decision); *Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* doctrine barred plaintiff's claim because alleged legal injuries arose from the "state court's purportedly erroneous judgment" and the relief sought "would require the district court to determine that the state court's decision was wrong and thus void").

**AFFIRMED.**

17-15715